IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WALTER STEWART, <br><br> Plaintiff, <br><br> vs. <br><br> ANTHONY BLACKMORE and HEIDI BLACKMORE, <br><br> Defendants. | CV 14-000133-BLG-SPW-CSO <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on Plaintiff Walter Stewart's Amended Complaint filed against two private individuals who allegedly stole his property. Although not listed in the caption, Stewart also includes attorney Harold G. Stanton in the list of defendants. *Amended Complaint, ECF 14 at 3.* Stewart alleges Defendants entered a settlement agreement with him but failed to comply with the terms of that agreement.

I. **PROCEDURAL BACKGROUND**

Because Stewart is a prisoner proceeding in forma pauperis, the Court conducted an initial screening of the Complaint as required under 28 U.S.C. § 1915. This statute requires the Court to review complaints

1

filed in forma pauperis to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2); *See also Fed.R.Civ.P. 12(h)(3)*("If the court determines at any time that is lacks subject-matter jurisdiction, the court must dismiss the action.").

In its prior Order, the Court found that Stewart had failed to sufficiently allege subject matter jurisdiction but allowed Stewart an opportunity to amend his Complaint. *See February 17, 2015 Order (ECF 6)*. Stewart filed an Amended Complaint on April 15, 2015 but still failed to sufficiently allege subject matter jurisdiction. *See Amended Complaint (ECF 14)*. As such, this matter should be dismissed.

## II. <u>ANALYSIS</u>

A party seeking to invoke federal subject matter jurisdiction has the burden of establishing that jurisdiction exists. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280 (9th Cir. 1977). Congress has authorized federal jurisdiction in cases which present a federal question as set forth by 28 U.S.C. § 1331, or where there is

complete diversity of citizenship and the amount in controversy exceeds $75,000 as set forth by 28 U.S.C. § 1332.

## A. Diversity Jurisdiction

Stewart represented in his original Complaint that there was diversity jurisdiction pursuant to 28 U.S.C. § 1332 because he and Defendants lived in different states. In his Amended Complaint, however, Stewart admits that both he and Defendants are citizens of Montana. *See Amended Complaint (ECF 14) at 3.* As such, there is no diversity jurisdiction. *See* 28 U.S.C. § 1332(a); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (holding that 28 U.S.C. § 1332(a) applies only when the state citizenship of each plaintiff is diverse from the citizenship of each defendant).

## B. Federal Question Jurisdiction

Stewart also fails to allege federal question jurisdiction. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For a case to "arise under" federal law, a plaintiff's well-pleaded complaint must establish either that federal law creates the cause of

action or the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. *Peabody Coal Co. v. Navajo Nation*, 373 F.3d 945, 949 (9th Cir. 2004) (*citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983)).

According to the Amended Complaint and documents attached thereto, Stewart sued Anthony Blackmore in the Crow Tribal Court in 2011. *See Order to Dismiss (ECF 14-3) at 1*. By Order dated April 30, 2012, the tribal court dismissed the case pursuant to Stewart's motion because the parties had come to an agreement. *Id.*

In the case at bar, Stewart is not challenging the tribal court judgment or jurisdiction; rather, he is bringing a breach of contract claim against the Blackmores for not abiding by the settlement agreement that resulted in the dismissal of the tribal court case. These are breach of contract allegations which are state law claims that do not arise under the United States Constitution or federal statutes. *Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang*, 376 F.3d 831, 840 (9th Cir. 2004) (a claim "for damages stemming from alleged breach of

contract, is clearly a creature of state law."). A breach of contract claim does not supply a federal court with federal question jurisdiction under Section 1331. As such, Stewart has failed to sufficiently plead federal question jurisdiction.

## III. **CONCLUSION**

Stewart has not sufficiently plead subject matter jurisdiction. Although Stewart was given an opportunity to amend his pleading to properly allege jurisdiction, his Amended Complaint, like his original Complaint, does not properly allege federal jurisdiction. Accordingly, the Court concludes that the jurisdictional defects are not curable by further amendment. This matter should be dismissed for lack of subject matter jurisdiction.

In light of this recommendation, the Court will deny Stewart's motion for the appointment of counsel. *ECF 13*.

Based upon the foregoing, the Court issues the following:

### ORDER

Stewart's Motion for Appointment of Counsel (*ECF 13*) is **DENIED**.

Further, the Court issues the following:

## RECOMMENDATIONS

1. Stewart's Complaint (*ECF 2*) and Amended Complaint (*ECF 14*) should be **DISMISSED** for lack of subject matter jurisdiction. The Clerk of Court should be directed to dismiss this case without prejudice and close the file.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain that there is no subject matter jurisdiction to bring Stewart's claims in federal court.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Stewart may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 17th day of April, 2015.

                                         _/s/ Carolyn S. Ostby_
                                         United States Magistrate Judge