IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
MAY - 1 2015
Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| WALTER STEWART,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY BLACKMORE and HEIDI BLACKMORE,<br><br>Defendants. | CV-14-000133-BLG-SPW<br><br>ORDER AND OPINION |

Walter Stewart filed a Complaint against Anthony Blackmore and Heidi Blackmore. (Doc. 2). Stewart is a prisoner proceeding *in forma pauperis* so the Court is required to review his complaint and determine whether his allegations are frivolous, fail to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(3)(2). Magistrate Judge Ostby formerly granted Stewart's motion to proceed *in forma pauperis* and allowed Stewart the opportunity to amend his Complaint when it failed to state a claim. (Doc. 6).

Stewart filed his Amended Complaint on April 15, 2015. (Doc. 14). In her Findings and Recommendations, Judge Ostby now recommends dismissing Stewart's Amended Complaint and dismissing the case without prejudice. (Doc. 15).

1

Stewart had 14 days to file objections to Judge Ostby's Findings and Recommendations. He filed his objection on April 29, 2015. (Doc. 16). After a de novo review, this Court adopts Judge Ostby's Findings and Recommendations, dismisses Stewart's Amended Complaint, and dismisses the case.

## I. Discussion

This Court is required to review de novo the portions of the Findings and Recommendations to which Stewart objects. 28 U.S.C. § 636(b)(1)(B). Stewart essentially argues that Judge Ostby erred in determining that he failed to sufficiently plead subject matter jurisdiction. (Doc. 16 at 1-2).

Of course, federal courts have jurisdiction where diversity between the parties exists and the amount in controversy exceeds $75,000 or where a federal question has been raised. 28 U.S.C. § 1332.

As Judge Ostby pointed out, however, Stewart admitted in his Amended Complaint that he and the defendants are citizens of Montana. (Doc. 14 at 3). So, diversity jurisdiction does not exist. *See* 28 U.S.C. § 1332(a). Further, Stewart's breach of contract claim does not give rise to a federal question; it is a "creature of state law." *Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang*, 376 F.3d 831, 840 (9th Cir. 2004). Because he failed to adequately plead subject matter jurisdiction, Stewart's cause of action must be dismissed.

## II. Conclusion

The Court finds no clear error. For the reasons given in the Findings and Recommendation, Stewart's Amended Complaint is DISMISSED and the Findings and Recommendations (Doc. 15) are adopted in full. IT IS FURTHER ORDERED that this matter is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

The Clerk of Court is directed to dismiss this case and close the file.

The Clerk of Court is further directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain that there is no subject matter jurisdiction to bring Stewart's claims in federal court.

DATED this 30th day of April 2015.

Susan P. Watters
United States District Court